**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**CENTRAL DIVISION**



FILED
OCT 15 2008

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-30039(01)-KES |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| SKEETS DOLPHUS, | * | |
| Defendant. | * | |

Defendant, Skeets Dolphus (Dolphus), has filed a Motion and brief to sever, seeking a separate jury trial. Docket No. 47. The co-Defendant, Joni Bad Warrior (Bad Warrior), has not joined in Dolphus' Motion nor moved separately for severance. Plaintiff, United States of America (Government), has filed a Response to the Motion, resisting the same. Docket No. 54. After considering the Motion in light of the records on file and the totality of the circumstances present, the Court concludes that the Motion should be denied.

I.

The pertinent facts and procedural history can be briefly stated. Between January 1, 2003 and April 30, 2007, Dolphus is alleged to have conspired with Bad Warrior to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine within 1,000 feet of real property comprising a playground, in violation of 21 U.S.C. §§841(a)(1), 846 and 860. Dolphus and Bad Warrior have both pled not guilty to the drug conspiracy charge (the only

offense charged in the Indictment) and a jury trial is currently scheduled for December 16, 2008.

## II.

In his severance Motion, Dolphus claims that he would be prejudiced by a joint trial and seeks severance pursuant to Federal Rule of Criminal Procedure 14(a). According to Dolphus, he and Bad Warrior have "mutually antagonistic defenses" and that if he is forced to go to trial with Bad Warrior, he would be put in the "unenviable position" of having to "forego his right against self-incrimination" if other act evidence (to be used by Bad Warrior in support of her defense of duress) is introduced against him. Alternatively, he contends that if he chose not to testify, that the jury would infer from this that he is guilty of the charged offense and of domestic violence. Either way, Dolphus maintains, he would be deprived of his right to a fair trial.

## III.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense . . . ." A court may grant a severance of trials "if joinder . . . of defendants in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a).

"Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Wint, 974 F.2d 961, 965 (8th Cir. 1992), cert denied, 506 U.S. 1062 (1993); see also United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) ("Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be

tried together, even if each defendant did not participate in or was not charged with each offense."). To warrant severance, a defendant must show "real prejudice", that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (quoting United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1998)). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant. United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996).

The mere fact that two defendants may have potentially antagonistic defenses and that hostility may result if one of them attempts to save him/herself at the expense of the other is not enough to warrant severance. Bordeaux, 84 F.3d at 1547; United States v. Shivers, 66 F.3d 938, 940 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). Likewise, the fact that one of the defendants may try to shift the blame to the other does not mandate separate trials. Bordeaux, 84 F.3d at 1547; United States v. Johnson, 944 F.2d 396, 402-03 (8th Cir.), cert. denied, 502 U.S. 1008 (1991).

This is not a complex case or one in which a jury is likely to be confused and incapable of properly "compartmentalizing" the evidence. See Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989). Indeed, the case involves just two defendants, both of whom are charged with committing the same drug offense. McGuire, 45 F.3d at 1187. Any assumed disparity in the evidence, where, for example, certain evidence is admissible against Dolphus, but not Bad Warrior, does not

compel the granting of Dolphus' severance Motion. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187; United States v. Lyles, 593 F.2d 182, 190 (2d Cir.), cert. denied, 440 U.S. 972 (1979).

Dolphus claims that Bad Warrior's intent to offer the defense of duress, by alleging that Dolphus forced her to engage in acts of distributing controlled substances, would prejudice his ability to obtain a fair trial. Yet as already stated, hostility between co-defendants or even antagonistic defenses, are insufficient grounds to grant severance. Bordeaux, 84 F.3d at 1547; United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993); United States v. Mason, 982 F.2d 325, 328 (8th Cir. 1993).

Regardless, Dolphus and Bad Warrior's defenses are not irreconcilable. A jury could logically accept Bad Warrior's assertion that she was physically abused by Dolphus and acted under duress and, at the same time, accept Dolphus' defense that he knew nothing of the alleged drug conspiracy. See e.g. Wint, 974 F.2d at 966; see also United States v. Villegas, 899 F.2d 1324, 1346 (2d Cir.) (upholding refusal to sever where a jury could believe both the defendant's coercion defense and the co-defendant's defense), cert. denied, 498 U.S. 991 (1990); United States v. Swingler, 758 F.2d 477, 494-96 (10th Cir. 1985) (same).

Dolphus also contends that if he and Bad Warrior are tried conjointly, evidence of Bad Warrior's proclaimed duress would be admissible at trial, but such evidence would not be if he is tried alone. Even assuming, arguendo, that this is true, severance is nonetheless not required, especially in a case such as this one where only two defendants are involved. See United States v. Agofsky, 20 F.3d 866, 871 (8th Cir.), cert. denied, 513 U.S. 909 (1994); Mason, 982 F.2d at 327; United States v. Robinson, 774 F.2d 261, 267 (1985).

4

The issue of whether a co-defendant's duress defense necessitates severance was specifically addressed in Wint and Villegas. In both cases, the appeals courts upheld the denial of severance. Wint, 974 F.2d at 966; Villegas, 899 F.2d at 1346-48. The reasons for doing so are equally appropo to this case.

Because joinder is proper under Rule 8, Dolphus has a "heavy burden" of demonstrating that a joint trial will impermissibly infringe on his right to a fair trial. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996), cert. denied, 520 U.S. 1110 (1997). He has failed to overcome the "strong presumption" against severing properly joined cases, see United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005), and, more importantly, to sustain his burden of showing severe or compelling prejudice, see Warfield, 979 F.3d at 1018; McGuire, 45 F.3d at 1187. This being the case, he is not entitled to severance under Rule 14(a).

IV.

Dolphus does not claim prejudice or seek relief based on Bruton v. United States, 391 U.S. 123 (1968). In Bruton, the Supreme Court held the Confrontation Clause was violated when a confession of one defendant implicating another was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination. 391 U.S. at 126, 137. The rule espoused in Bruton is not violated and a defendant's right of confrontation is not abridged, however, when an extra-judicial statement of a co-defendant is admitted as a declaration by a co-conspirator in the course and in furtherance of a conspiracy, see United States v. Nelson, 988 F.2d 798, 806-07 (8th Cir.), cert. denied, 510 U.S. 914 (1993), or when a co-defendant

5

declarant testifies at trial, see United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991). An out-of-court statement of a co-conspirator, therefore, is not hearsay and is admissible against another co-conspirator if it is shown that a conspiracy existed, that the defendant and the declarant were members of the conspiracy, and that the statement was made during the course and in furtherance of the conspiracy. Fed. R. Evid. 104, 801(d)(2)(E); see also United States v. Bell, 573 F.2d 1040, 1043-45 (8th Cir. 1978) (explaining these two Rules and the admissibility of co-conspirator statements).

Yet even if a Bruton issue did exist, adequate safeguards can be implemented to obviate the need for severance under the Confrontation Clause. In Richardson v. Marsh, 481 U.S. 200 (1987), the Supreme Court held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to eliminate the defendant's name and any other reference to the defendant's existence. 481 U.S. at 206-11. Thus, under Richardson, and in accord with subsequent precedent, see Gray v. Maryland, 523 U.S. 185 (1998) and United States v. Logan, 210 F.3d 820 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000), statements made by a co-defendant are admissible if and when a proper limiting instruction is given and the identify of the declarant is redacted and replaced with a neutral pronoun or identifier. Assuming this is done here with statements made by Bad Warrior, severance is not constitutionally obligatory. McGuire, 45 F.3d at 1187; United States v. Miller, 995 F.2d 865, 866-67 (8th Cir.), cert. denied, 512 U.S. 1018 (1993).

V.

The Court believes that there are no overriding reasons or unique circumstances present that would compel the granting of a separate trial to Dolphus. This coupled with the

6

Court's view that a joint trial will not compromise any of Dolphus' rights or result in actual prejudice or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro v. United States, 506 U.S. 534, 539-41 (1993); United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not warranted in this instance.

Based on the foregoing, it is hereby

ORDERED that Dolphus' severance Motion, found at Docket No. 47, shall be and is denied.

Dated this 14th day of October, 2008, at Pierre, South Dakota.

BY THE COURT:

*[signature]*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
BY: *[signature]*
  Deputy
(SEAL)